# EXHIBIT U

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-cv-00584-ADA** |
| **DEVELOPMENT,** | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **GOOGLE LLC,** | § | |
| *Defendant.* | § | |

## WSOU'S FIRST SET OF INTERROGATORIES

Pursuant to the Federal Rules of Civil Procedure, the Order Governing Proceeding in this Case, and the schedule the parties agreed to in this case, Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") requests that Defendant Google LLC answer each of the following Interrogatories under oath in the manner and within the time prescribed by law.

## DEFINITIONS

1.      The terms "DEFENDANT," "YOUR," and "YOU" as used herein shall refer to Defendant Google LLC as well as any parent, subsidiary, division, or related company, any business entity controlled by or operated on behalf thereof, any predecessors thereof, and any and all agents, directors, owners, officers, attorneys, employees, representatives, subcontractors, and/or any PERSON acting on its behalf.

2.      The term "PLAINTIFF" as used herein shall refer to Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing as well as any parent, subsidiary, division, or related company, any business entity controlled by or operated on behalf thereof, any predecessors thereof, and any and all agents, directors, owners, officers, attorneys, employees, representatives, subcontractors, and/or any PERSON acting on their behalf.

3.      The phrase "ACCUSED INSTRUMENTALITY" refers to the instrumentalities identified in the complaint (as may be amended) as well as the infringement contentions served in this case (as may be amended).

4.      The term "PATENT-IN-SUIT" as used herein means the patent asserted in the present litigation.

5.      The phrase "PRIOR ART" as used herein means any printed publication, any public use, any public knowledge, any sale, or any patent for sale anywhere in the world which YOU believe may be material to the validity of the PATENT-IN-SUIT.

1

6.     The term "COMMUNICATION" as used herein means the transmittal of information in the form of facts, ideas, inquiries, or otherwise, in any form, including without limitation personal, telephonic, written, e-mail, facsimile, and telex.

7.     The term "DOCUMENT" as used herein (whether in the plural or singular) means any writing or other tangible thing from which data or information can be obtained (translated if necessary through detection devices into reasonably usable form), and which is known to YOU, or in YOUR custody, possession, or control, whether printed, recorded, reproduced by any process, or written or produced by hand, whether or not claimed to be privileged or exempt from production for any reason. Writings and tangible things that are included within this definition encompass letters, correspondence, electronic mail messages (in electronic or hard copy form), videos, presentations (including any corresponding deck of slides), tape recordings, reports, agreements, communications including intercompany communications, telegrams, memoranda, summaries, forecasts, photographs, models, wiki repositories, version control documentation on code (e.g., Perforce or the like), statistical statements, graphs, laboratory and engineering reports and notebooks, calendars, day-planners, electronic information within handheld organizing devices, charts, plans, manuals, operational guidelines, maintenance schedules, CAD/CAM files, specifications, test scripts, manuals, web pages, drawings, diagrams, minutes of records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, customer lists, reports and/or summaries of interviews, reports and/or summaries or investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any DOCUMENTS, revisions of drafts of any DOCUMENTS, cancelled checks, bank statements, invoices, receipts and originals of promissory notes, surveys, computer printouts, computer disks, photostats, motion pictures, slides, and sketches. The foregoing list is not an exclusive definition but is intended to aid YOU in producing the DOCUMENTS. In addition to the items listed above, any comment or notation appearing on any document, and not part of the original text, is considered a separate document and any draft of preliminary form of any document is also considered a separate document.

8.     As used herein, the singular form shall include the plural, and vice versa, wherever such dual construction will serve to bring within the scope of this request any DOCUMENTS which would otherwise not be brought within its scope.

9.     As used herein, the conjunctives "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this request any DOCUMENTS which would otherwise not be brought within its scope.

10.    The term "IDENTIFY" or "IDENTITY" when used with reference to a "DOCUMENT" means to provide with respect to each document requested to be identified by these interrogatories or are mentioned or referred to in any of your answers to these interrogatories, the following information:  its nature, e.g., letter, memorandum, etc.; the date it was sent; the date it was received; the identity of the person sending it; the identity of the person to whom it was sent; the identity of the person or persons to whom a copy or copies were sent; a statement as to who each such person represented or purported to represent; statement of the substance of the

2

subject matter of the document; and the name and last known address of the person who presently has custody of the document and each non-conforming copy.

11.     The term "IDENTIFY" or "IDENTITY" when used with reference to a "PERSON" means to state the person's full name and last known business and residence address and telephone number and, where appropriate, the person's title and occupation at the present time and at the time stated in the interrogatory or response thereto as well as the date ranges the person provided services to YOU and in what capacity, if relevant.

12.     The term "IDENTIFY" or "IDENTITY" when used with reference to "COMMUNICATION" means with respect to each oral communication requested to be identified by any of these interrogatories, or mentioned or referred to in any of your answers to any of these interrogatories to:  state the date and place of the communication and whether it was in person or by telephone; identify, in a manner described above, each and every person who participated in, heard any part of, or in any way has knowledge or information concerning such communication; state what was said by each person who participated in such communication; and identify, in the manner described, each and every DOCUMENT that recorded, summarized, confirmed, referred to or pertained to such COMMUNICATION.

13.     The term "STATE ALL FACTS" means that YOU are to provide a full and complete statement of all facts relating to the subject matter of the Interrogatory, including the IDENTITY of any individual or witness having knowledge of any such fact, including their last known address and phone number and the IDENTITY of any DOCUMENT that refers, relates, or evidences any such fact.

## **INSTRUCTIONS**

1.     The following Interrogatories are being served in accordance with Rule 33 of Federal Rules of Civil Procedure.  Each Interrogatory must be answered in full after a diligent search has been made to locate all the requested information.  This search includes examination of all DOCUMENTS, as well as other information possessed by DEFENDANT, its attorneys, accountants, investigators, bankers, agents, employees, subsidiaries, divisions, representatives, or other persons acting on its behalf or under its control.  If YOU are unable to answer any Interrogatory fully and completely after exercising due diligence to secure the requested information, please so state and answer the Interrogatory to the extent that YOU are able.  As to each incomplete answer, specify the portion of the Interrogatory that YOU claim YOU are unable to answer fully and completely, state the facts which support YOUR contention that YOU are unable to answer that Interrogatory fully and completely, and state what knowledge, information, and belief YOU have concerning the unanswered portion of each such Interrogatory.

2.     If information concerning any DOCUMENT requested to be identified herein is withheld by YOU based upon a claim of privilege, state as to each such DOCUMENT:  The privilege asserted and its basis; the nature of the DOCUMENT withheld (e.g., letter memorandum, etc.); the date of the DOCUMENT; the identity of the author and his/her relationship to YOU at the time of the document's creation; the identity of each recipient of the DOCUMENT or any copy thereof; the length of the DOCUMENT and pages and his/her relationship to YOU at the time of

3

the document's creation; the location of the original and each copy of the DOCUMENT; and the general subject matter of the DOCUMENT.

     3.     If information concerning any COMMUNICATION is withheld by you based on a claim of privilege, state as to each such COMMUNICATION:  The privileges asserted and its basis;  whether the COMMUNICATION was in person or by telephone; the date of the COMMUNICATION; the IDENTITY of the participants in a COMMUNICATION, all other persons present, all persons having knowledge or information concerning the COMMUNICATION; the IDENTITY of each DOCUMENT reflecting or pertaining, relating or referring to the COMMUNICATION; and the general subject matter of the COMMUNICATION.

     4.     Each Interrogatory is a continuing one and requires a further and/or supplemental response whenever a previous response becomes incomplete or inaccurate.

     5.     Unless stated otherwise, either in the Interrogatory itself or included within a particular definition, these Interrogatories are not limited to any particular time frame.

     6.     The Federal Rules of Civil Procedure place an affirmative duty to supplement these responses with (1) the IDENTITY and location of PERSONS having knowledge of discoverable matters; and (2) the IDENTITY of each PERSON expected to be called as an expert witness at trial, the subject matter on which the PERSON is expected to testify, and the substance of the PERSON'S testimony, in addition to any subsequently discovered information that makes a prior response incorrect, or any other circumstances where failing to amend the response constitutes a knowing concealment.

# INTERROGATORIES

## INTERROGATORY NO. 1:

For the ACCUSED INSTRUMENTALITY, identify each version made, imported, used, sold, offered for sale, provided, supported, or caused to be provided by or on behalf of YOU, including the identification of the beginning and end dates during which each version of the ACCUSED INSTRUMENTALITY was made, imported, used, sold, offered for sale, provided, supported, or caused to be provided along with the DOCUMENTS used to develop YOUR response.

YOUR answer should use the format of the following exemplary table:

| Accused Instrumentality | Version | Dates | Bates Number |
|---|---|---|---|
| | | | |

## INTERROGATORY NO. 2:

Separately for each version of the ACCUSED INSTRUMENTALITY, identify two key individuals responsible for the design or development of the following features or functionality of the ACCUSED INSTRUMENTALITY: (a) the architecture; (b) data flow; (c) the provision of any service or features utilizing the technology; and (d) software associated therewith. For the purposes of this Interrogatory, the term "identify" requires you to state for each individual identified: the name and title of individual; the person's current contact information (i.e., address, telephone number, e-mail, etc.); the nature of the work performed on the ACCUSED INSTRUMENTALITY; a detailed description of the feature or functionality for each ACCUSED INSTRUMENTALITY for which the person was responsible; and the date(s) of each such person's involvement.

## INTERROGATORY NO. 3:

Separately for each asserted claim of the PATENT-IN-SUIT and each version of the ACCUSED INSTRUMENTALITY, IDENTIFY and describe your non-infringement assertion, argument or contention and all facts and DOCUMENTS that support or refute such an assertion. In answering this interrogatory, you must IDENTIFY any assertion that YOU may present in any dispositive or non-dispositive motion brought in this matter, that YOU may present at trial in this matter, and/or that YOU may rely upon for any other purpose in this matter. YOUR answer should include an IDENTIFICATION of the date YOU first formed each such belief, the IDENTITY of all persons who have that belief (including the date each such person formed such belief), and an identification by Bates number of any DOCUMENTS that relate to, support, or refute YOUR answer.

**INTERROGATORY NO. 4:**

For each version of the ACCUSED INSTRUMENTALITY, please IDENTIFY all ways in which YOU derived or will derive revenue along with any DOCUMENTS used to develop your response and revenue, profit, and costs associated with each ACCUSED INSTRUMENTALITY.

**INTERROGATORY NO. 5:**

Describe in detail the location and format in which YOU maintain and/or store documents and/or information related to the structure, components, function, and operation of each version of the ACCUSED INSTRUMENTALITY including, but not limited to, software, source code (including all versions or releases), firmware, schematic diagrams, manufacturing specifications, technical specifications, hardware description documents, software or firmware description documents, functional description documents, engineering drawings or blue prints, operating manuals, and/or user manuals relating to the technology and identify each employee (other than counsel) knowledgeable of the same, including for each person identified, their title, address, telephone number, and a fair summary of the substance of that person's areas of knowledge regarding the ACCUSED INSTRUMENTALITY.

**INTERROGATORY NO. 6:**

IDENTIFY by Bates number and describe all licenses, settlement agreements, or covenants-not-to-sue, technology transfer agreements or any other agreements or contracts providing any rights to patents or technologies entered into by YOU, or of which YOU are aware, that (i) relates to the functions and features set forth in PLAINTIFFS' infringement contentions or technology that is similar to such functions and features, or (ii) relates to a potential comparable license in a damage analysis in this case.

**INTERROGATORY NO. 7:**

Describe the circumstances of how YOU became aware of the PATENT-IN-SUIT, including an identification of all persons that became aware of the PATENT-IN-SUIT to the filing of the present complaint, when each person became aware of the PATENT-IN-SUIT patents, and how each person became aware of the PATENT-IN-SUIT.

Date:  March 29, 2021                    Respectfully submitted,

By:     */s/ Ryan S. Loveless*
        James L. Etheridge
        Texas Bar No. 24059147
        Ryan S. Loveless
        Texas Bar No. 24036997
        Brett A. Mangrum
        Texas Bar No. 24065671

Travis L. Richins
Texas Bar No. 24061296
Jeff Huang
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX 76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jeff@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

***Attorneys for Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development***

## CERTIFICATE OF SERVICE

I certify that on March 29, 2021 a true and correct copy of the foregoing document was served upon all counsel of record via email under this Court's Local Rules.

/s/ *Ryan S. Loveless*
Ryan S. Loveless

7