# EXHIBIT X

# JONES DAY

90 SOUTH SEVENTH STREET • SUITE 4950 • MINNEAPOLIS, MINNESOTA 55402

TELEPHONE: +1.612.217.8800 • FACSIMILE: +1.844.345.3178

Direct Number: (612) 217-8879
slaud@jonesday.com

January 14, 2022

Linda R. Stahl
Carter Arnett PLLC
Campbell Centre II
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
Tel. 214.550.8188
Fax 214.550.8185
Via Email to: ca-brazostrials@carterarnett.com

      Re:    *WSOU v. Google*, Civil Action No. 6:20-cv-00584 (W.D. Tex.)

Counsel:

      I write in response to your January 7, 2022 letter.  Before specifically addressing the various demands set forth in your letter, it is important to note several overarching errors in your letter.  First, your demands effectively seek to propound a set of new Requests for Production and new interrogatories.  That is improper because the October 22, 2021 deadline (by agreement of the parties) for serving new written discovery has long passed.  (Dkt. 61.)  Second, as explained below, many of your demands seek discovery that bears no relation to the accused functionalities in WSOU's Final Infringement Contentions, and therefore such demands are neither relevant nor proportional to the needs of the case.  Rather, as explained above, your demands fall outside WSOU's Requests for Production (including Nos. 6, 17-26, 31 referenced in your letter, which are limited to the "Accused Instrumentality," defined as "the instrumentalities identified in the complaint (as may be amended) as well as the infringement contentions").  Third, as Google has explained in previous correspondence and during our meet and confers, Google has performed a reasonable search in response to WSOU's Requests for Production, subject to its objections including that WSOU's requests are vague, ambiguous, and overbroad given the absence of meaningful explanation in WSOU's Final Infringement Contentions and its complaint.  Fourth, your demands seek documents based on newly-defined terms (e.g. "Relevant Period") that are found nowhere in the WSOU's Requests for Production and are inconsistent with those requests.  Finally, as indicated in our email requesting a meet and confer regarding financial information, Google has already produced the relevant financial information consistent with WSOU's Request for Production.

1. Number of Pixel phones sold, by month, that include Motion Sense

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Linda R. Stahl
January 14, 2022
Page 2

<ul><li>Response: Google has produced financial information (including quarterly revenue) consistent with the scope of WSOU's Requests for Production.</li></ul>

2. Identification of other android phones that offer Motion Sense as standard feature (if any)

<ul><li>Response: As Google has explained during meet and confers, correspondence, and interrogatory responses, the only phones that included Motion Sense were the Pixel 4 and 4XL phones.</li></ul>

3. For all Pixel phones that incorporate Motion Sense, monthly sales volume

<ul><li>Response: Google has produced financial information (including quarterly revenue) consistent with the scope of WSOU's Requests for Production.</li></ul>

4. Total revenue, by month, from Pixel phones sold with Motion Sense

<ul><li>Response: Google has produced financial information (including quarterly revenue) consistent with the scope of WSOU's Requests for Production.</li></ul>

5. For all Pixel phones that do not incorporate Motion Sense, monthly sales volume

<ul><li>Response: This is not relevant to the accused functionalities in WSOU's complaint or the Final Infringement Contentions, nor is it covered WSOU's Requests for Production.</li></ul>

6. Total revenue, by month, from Pixel phones sold that do not include Motion Sense

<ul><li>Response: This is not relevant to the accused functionalities in WSOU's complaint or the Final Infringement Contentions, nor is it covered WSOU's Requests for Production.</li></ul>

7. Revenue, by month, to Google for use/incorporation of Motion Sense into non-Pixel android phones (if any)

<ul><li>Response: As Google has explained during meet and confers, correspondence, and interrogatory responses, the only phones that included Motion Sense were the Pixel 4 and 4XL phones.</li></ul>

8. Data reflecting number of users who disable Motion Sense capabilities

JONES DAY

Linda R. Stahl
January 14, 2022
Page 3

        Response: As Google's document production and publicly-available documents establish, the disabled state is the default for Motion Sense.

9. Documents disclosing the expenses Google associates or allocates to development and manufacture of Pixel phones, both with and without the RADAR gesture control/Motion Sense feature. This includes aggregate and monthly expenses, and any profit calculations associated with Pixel both with and without Motion Sense.

    Response: To the extent this demand falls within WSOU's Requests for Production, after a reasonably proportional search and review of documents, Google has produced responsive documents consistent with the proper scope of WSOU Requests for Production. Otherwise this demand concerns information that is not relevant to the accused functionality in WSOU's complaint or the Final Infringement Contentions, nor is it covered WSOU's Requests for Production.

10. Documents discussing the market demand for Motion Sense control, assessment of competitor offerings, and any revenue projections or economic justifications for offering Motion Sense as feature of Pixel phones

    Response: After a reasonably proportional search and review of documents, Google has produced responsive documents consistent with the proper scope of WSOU Requests for Production.

11. Documents discussing the factors, parameters, variables, and other inputs considered or evaluated by Google when deciding whether to develop and/or offer Motion Sense as a feature of Pixel, together with any business cases, product proposals, or other such analyses that evidence Google's conclusions about the value proposition for Motion Sense as a feature of Pixel based on its consideration of such inputs

    Response: After a reasonably proportional search and review of documents, Google has produced responsive documents consistent with the proper scope of WSOU Requests for Production.

12. Documents discussing decision to exclude Motion Sense from Pixel 5

    Response: After a reasonably proportional search and review of documents, Google has produced responsive documents consistent with the proper scope of WSOU Requests for Production.

JONES DAY

Linda R. Stahl
January 14, 2022
Page 4

13. Documents discussing decision to include Motion Sense in Pixel 6

   Response: As Google has explained during meet and confers, correspondence, and interrogatory responses, the only phones that included Motion Sense were the Pixel 4 and 4XL phones.

14. Licenses relevant to emoji gestures keyboard function, whether as licensor or licensee

   Response: This is not relevant to the accused functionalities in WSOU's complaint or the Final Infringement Contentions, nor is it covered WSOU's Requests for Production.

15. Documents regarding Google's use of Motion Sense to influence content elsewhere, such as in on-device news feeds, landing pages, or on other Google properties.

   Response: This is not relevant to the accused functionalities in WSOU's complaint or the Final Infringement Contentions, nor is it covered WSOU's Requests for Production.

Very truly yours,

Sanjiv Laud