IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING & DEVELOPMENT, | ) ) ) | Case No. 6:20-cv-00578-ADA |
| | ) ) | Case No. 6:20-cv-00580-ADA |
| *Plaintiff,* | ) ) | Case No. 6:20-cv-00584-ADA |
| v. | ) ) | |
| GOOGLE LLC, | ) ) | **JURY TRIAL DEMANDED** |
| *Defendant.* | ) ) ) | |

## OPPOSED MOTION TO ENTER AMENDED SCHEDULING ORDER

Plaintiff Brazos Licensing & Development moves to amend the case scheduling order. This motion arises in connection with Brazos's co-pending Opposed Motion for Leave to Serve Amended Infringement Contentions. *See* Case No. 6:20-cv-00578-ADA, Dkt. 92 ("Motion for Leave"). Briefing on that motion is anticipated to be completed by March 7, 2025.

To briefly restate the key schedule-related events that bear on Brazos's Motion for Leave, Brazos served Google with proposed amended infringement contentions on January 30, 2025. *See* Motion for Leave at 5; *id.* Ex. 12 at 4. In an email sent the next day, Google objected to Brazos's amended contentions as improper; declared it would "treat all pending deadlines . . . as suspended"; and claimed that the "entire case schedule must be redone." *See* Motion for Leave at 5; *id.* Ex. 12 at 3-4. The parties met and conferred on February 3, 2025, at which time they agreed to suspend the February 5 opening expert report deadline. *See* Motion for Leave at 6; *id.* Ex. 12 at 1.

1

On February 20, Brazos served Google with a proposed amended case schedule that, *inter alia*, (1) builds in time for briefing and resolution of Brazos's Motion for Leave; (2) sets a deadline for Google to update its invalidity contentions in response to Brazos's amended infringement contentions; and (3) adjourns trial by three months. *See* Ex. A; *see also* Ex. C at 7-8. In response, Google—in stark contrast to its prior demand to "suspend[]" "all pending deadlines"—for the first time informed Brazos of its position that "Google does not agree that delay of the scheduled trial is appropriate . . . . and will oppose a request to delay trial." Ex. C at 7.

In further response, Brazos then tendered Google with an alternative proposed amended case schedule that allows for completion of expert discovery and dispositive motions while preserving the existing June 23 trial date. *See* Ex. B.[1] In response, Google advised Brazos that it "would agree to the amended schedule you proposed leading up to the June trial" on the condition that "[Brazos] agrees to proceed with expert reports and discovery based on its previous contentions and withdraws the amended contentions in dispute." Ex. C at 3. In other words, Google has raised no objection to any particulars of this latter proposed schedule, but seeks to bar Brazos from relying on the confidential information produced by Google during discovery—which is neither reasonable on its face, nor acceptable to Brazos as a precondition for agreeing to a revised case schedule. *See, e.g.*, Motion for Leave at 5, 9-10; *id.* Ex. 1.

Google has further objected that neither version of the amended schedule proposed by Brazos contains "provision for new claim construction [and] adequate time for prior art searches based on the new contentions." Ex. C at 3. This is largely a problem caused by Google's dual (1) refusal to engage in scheduling discussions, and (2) insistence that the June 23 trial date should

---

[1] The first date in Exhibit B as filed differs from the version tendered to Google by five days, based on subsequent information received by Brazos regarding the availability of Brazos's testifying expert Dr. Cooperstock. The remainder of Exhibit B is as received by Google on February 25.

not be vacated. And it is not clear how Google proposes to resolve that tension,[2] other than via Brazos's voluntary withdrawal of its reliance on confidential discovery produced by Google (which Brazos will not do absent an order from the Court[3]).

To be clear, as submitted herein via Exhibit B, ***Brazos is willing to enter an amended schedule that provides for adequate and proportional supplementation of Google's invalidity contentions***—which would presumably include a short adjournment of trial—but Google has yet to inform Brazos what form Google believes such a schedule should take, so Brazos is left to take its proverbial "best guess." Brazos otherwise disputes that any further claim construction is necessary, as Google already acknowledged its intent to raise any "dispositive issue[s]" relating to claim construction during proceedings leading up to the November 19, 2024, *Markman* hearing. *See* Motion for Leave at 3, 9; *id.* Ex. 4 at 5:25-6:9.

In sum, Brazos respectfully requests that the Court enter an amended schedule as reflected in ***either*** of Exhibits A or B, based on whichever approach the Court determines will allow for the most orderly resolution of Brazos's Motion for Leave and Google's follow-up thereto. Brazos is hopeful that Google's forthcoming response to this motion will include a concrete proposal concerning how this case should proceed in the absence of Brazos withdrawing its infringement theories' reliance on confidential information produced by Google during discovery (regarding which, again, Brazos defers to the Court's resolution of the pending Motion for Leave). To the extent that further meet-and-confer discussions narrow these schedule-related disputes, Brazos stands willing to update this filing accordingly.

---

[2] Brazos presumes that Google has no intention to abandon its longstanding insistence that the -578 case be tried alongside the -580 and -584 cases (a position with which Brazos agrees). *See, e.g.*, Ex. D (11/13/2023 Hrg. Tr.) at 92:17-93:25.

[3] Brazos refers the Court to its co-pending Motion for Leave as to why Brazos's reliance on Google's late-produced confidential discovery is proper. *See generally* Motion for Leave.

Date: February 27, 2025                                    Respectfully submitted,


                                                           */s/ Joseph M. Abraham*
                                                           Joseph M. Abraham, TX Bar No. 24088879
                                                           Timothy Dewberry, TX Bar No. 24090074
                                                           **FOLIO LAW GROUP PLLC**
                                                           13492 Research Blvd., Suite 120, No. 177
                                                           Austin, TX 78750
                                                           Tel: 737-234-0201
                                                           Email: joseph.abraham@foliolaw.com
                                                                   timothy.dewberry@foliolaw.com

                                                           Ryan B. Meyer, WA Bar No. 37832
                                                           Cliff Win, CA Bar No. 270517
                                                           Alexandra Fellowes, CA Bar. No. 261929
                                                           C. Maclain Wells, CA Bar No. 221609
                                                           Moses Xie, CA Bar No. 343007
                                                           Katherine Bentfield, WA Bar No. 61548
                                                           **FOLIO LAW GROUP PLLC**
                                                           1200 Westlake Ave. N., Ste. 809
                                                           Seattle, WA 98109
                                                           Tel: (206) 880-1802
                                                           Email: ryan.meyer@foliolaw.com
                                                                   cliff.win@foliolaw.com
                                                                   alexandra.fellowes@foliolaw.com
                                                                   maclain@foliolaw.com
                                                                   moses.xie@foliolaw.com
                                                                   katherine.bentfield@foliolaw.com

                                                           Mark D. Siegmund
                                                           State Bar No. 24117055
                                                           Gregory P. Love
                                                           TX Bar No. 24013060
                                                           **CHERRY JOHNSON SIEGMUND
                                                           JAMES PLLC**
                                                           400 Austin Avenue, 9th Floor
                                                           Waco, TX 76701
                                                           Tel.: (254) 732-2242
                                                           Fax: (254) 627-3509
                                                           Email:  msiegmund@cjsjlaw.com
                                                                   glove@cjsjlaw.com

                                                           *Attorneys for Plaintiff WSOU Investments,
                                                           LLC d/b/a Brazos Licensing & Development*

                                                           4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which served a copy via email to all counsel of record.

*/s/ Joseph M. Abraham*
Joseph M. Abraham

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(G), counsel for Brazos conferred with counsel for Google via email between February 20 and February 26. Google did not accept Brazos's multiple requests to convene via teleconference, extended on each of February 24, 25, and 26.

Google declined to provide its own proposal in response to the proposed schedule annexed at Exhibit A, but noted its present opposition to moving the scheduled June 23 trial date.

As to the proposed schedule annexed at Exhibit B, Google advised Brazos that it had no specific objections to any of the proposed dates, but it imposed a condition unacceptable to Brazos (i.e., "withdraw[ing] the amended contentions in dispute") as precedent for filing an agreed motion.

*/s/ Joseph M. Abraham*
Joseph M. Abraham