# EXHIBIT C

Thursday, February 27, 2025 at 13:12:52 Pacific Standard Time

**Subject:** RE: WSOU v. Google | 6:20-CV-578 (WDTX) - Proposed Amended Scheduling Order
**Date:** Wednesday, February 26, 2025 at 2:41:51 PM Pacific Standard Time
**From:** Lanier, Greg
**To:** Joseph Abraham, Garcia, Edwin O.
**CC:** WSOU-Google, Potter Minton WSOU Team, Greg Love, Mark Siegmund, WSOU Google WDTX, brazos-trial-wdtx@foliolaw.com

> [EXTERNAL] This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Joe, thank you for the quick response. The parties plainly disagree on the substance and the proffered bases of WSOU's position, so we will focus here on the procedural points. Google has been planning for and will ask the Court to keep the June 23 trial date for the remaining three cases. We will timely oppose the motion for leave and otherwise move/respond as appropriate going forward.

Greg

Tharan Gregory Lanier
Partner
**JONES DAY® – One Firm Worldwide℠**
1755 Embarcadero Road
Palo Alto, CA  94303
650-739-3939 (main)
650-739-3941 (direct)

---

**From:** Joseph Abraham <Joseph.abraham@foliolaw.com>
**Sent:** Wednesday, February 26, 2025 1:44 PM
**To:** Lanier, Greg <tglanier@jonesday.com>; Garcia, Edwin O. <edwingarcia@jonesday.com>
**Cc:** WSOU-Google <WSOU-Google@jonesday.com>; Potter Minton WSOU Team <wsougoogle@potterminton.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; WSOU Google WDTX <wsou-google-wdtx@foliolaw.com>; brazos-trial-wdtx@foliolaw.com
**Subject:** RE: WSOU v. Google | 6:20-CV-578 (WDTX) - Proposed Amended Scheduling Order

Greg:

No saber-rattling was intended; we simply needed to ensure that we could promptly discharge our meet-and-confer obligations given Google's position as to the June 23 trial date, and the related implications for the several preceding deadlines that depend thereon—concerning which the

1 of 8

current schedule has just enough wiggle room, but no excess.

To reiterate, regardless of the case schedule, Brazos intends to proceed based on the January 30 infringement positions to which Google has repeatedly objected. That could come via our January 30 proposed amended contentions, or simply via Dr. Cooperstock's forthcoming report. Either way, there can be no dispute that Google is on notice of Brazos's infringement theory. The only procedural distinction will be whether the Court grants leave in advance, or rules on Google's motion to strike after the fact. We of course acknowledge that Google reserves all rights to oppose/strike.

With that as baseline, we believe the options are as follows:

1. **Hold trial as scheduled:** If Google insists on maintaining the June 23 trial date, time would be of the essence. Brazos would then file (presumably tomorrow) an opposed motion to enter the alternative draft proposed schedule attached to yesterday's email, noting Google's position concerning the same (i.e., "Google would agree to the amended schedule you proposed leading up to the June trial" on the condition that "WSOU agrees to proceed with expert reports and discovery based on its previous contentions and withdraws the amended contentions in dispute"). Under this scenario, **we cannot agree to adjourn Google's deadline to oppose our motion for leave to amend**, as we have the same interest as Google has—i.e., determining ASAP which version of Brazos's infringement theory is in the case. (And again, it remains Brazos's position that nothing in the proposed amended contentions modifies our theory as disclosed May 31; it merely provides supporting detail based on confidential discovery.) Google would be free to proceed based on that proposed schedule, or not—but it certainly seems to us that if Google unilaterally elects not to participate, the end result would be an adjournment of the trial date, regardless.

2. **Adjourn trial TBD:** Alternately, Google could respond—and critically, provide a counter-proposal—to the proposed schedule that Mr. Meyer sent on February 20. We acknowledge—even if we do not accept as valid—Google's position that Brazos's February 20 proposal lacks "provision for new claim construction [and] adequate time for prior art searches based on the new contentions" that Google believes should be included. We believe the appropriate way to resolve that dispute would be via a joint, disputed motion to enter dueling schedule proposals—just as the parties did before in the companion cases. Google would be free to structure its schedule proposal however it deems most appropriate, relative to the co-pending briefing on Brazos's motion for leave to amend. Under this scenario, Brazos would be willing to grant Google a seven-day adjournment of your deadline to respond, in exchange for a further four-day adjournment of Brazos's deadline to reply.

We expect the Court would be more likely to appreciate Scenario No. 2 (as well as being most consistent with Google's January 31 demand to "suspend[]" "all pending deadlines"). But we obviously cannot force Google to participate.

As with many aspects of litigation, a call might well go a long way to narrowing the scope of this dispute. We can be available most of the rest of today, and otherwise much of tomorrow. Please advise if you wish to further discuss. Otherwise, we will proceed directly with our opposed motion to amend the schedule.

Best,
Joe

---

**From:** Lanier, Greg <tglanier@jonesday.com>
**Sent:** Wednesday, February 26, 2025 1:35 PM
**To:** Joseph Abraham <Joseph.abraham@foliolaw.com>; Garcia, Edwin O. <edwingarcia@jonesday.com>
**Cc:** WSOU-Google <WSOU-Google@jonesday.com>; Potter Minton WSOU Team <wsougoogle@potterminton.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; WSOU Google WDTX <wsou-google-wdtx@foliolaw.com>; brazos-trial-wdtx@foliolaw.com
**Subject:** RE: WSOU v. Google | 6:20-CV-578 (WDTX) - Proposed Amended Scheduling Order

> [EXTERNAL] This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Joe, please allow me to join the conversation.

Google has made its position clear – the new contentions are improper because they are a fundamental change in WSOU's position requiring new claim construction and were offered without permission of the Court, beyond the deadlines, and too late to try this case in June without unfair prejudice to Google.  Your email only emphasizes both fundamental problems – neither proposed schedule makes provision for new claim construction or adequate time for prior art searches based on the new contentions, and in insisting that it will serve an expert report based on amended contentions for which leave to amend has not been granted, WSOU has further helped itself to relief from the Court's scheduling order and the OGP.  Google will oppose the motion for leave to amend and will move to strike any expert report based on the new contentions.

The saber rattling about "meet and confer" is not well taken.  That aside, if WSOU agrees to proceed with expert reports and discovery based on its previous contentions and withdraws the amended contentions in dispute, Google would agree to the amended schedule you proposed leading up to the June trial.

Finally, assuming the motion is treated as one re case management, our opposition to WSOU's motion for leave to amend is due this Friday, February 28.  The Court's consideration of the issues will obviously be impacted by the extent of changes in WSOU's previous positions, something that will likely be

demonstrated in the expert report you said would be served soon. So that the Court may consider this issue with the full record and without the necessity of Google filing a supplemental opposition, we request a seven day extension of time (to March 7) to serve Google's opposition. Please let us know if WSOU agrees.

Greg

Tharan Gregory Lanier
Partner
**JONES DAY® - One Firm Worldwide℠**
1755 Embarcadero Road
Palo Alto, CA  94303
650-739-3939 (main)
650-739-3941 (direct)

---

**From:** Joseph Abraham <Joseph.abraham@foliolaw.com>
**Sent:** Tuesday, February 25, 2025 3:06 PM
**To:** Garcia, Edwin O. <edwingarcia@jonesday.com>
**Cc:** WSOU-Google <WSOU-Google@jonesday.com>; Potter Minton WSOU Team <wsougoogle@potterminton.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; WSOU Google WDTX <wsou-google-wdtx@foliolaw.com>; brazos-trial-wdtx@foliolaw.com
**Subject:** RE: WSOU v. Google | 6:20-CV-578 (WDTX) - Proposed Amended Scheduling Order

Edwin:

I'm going to pick up the correspondence thread.

First, Brazos *will* tender an infringement report from Dr. Cooperstock consistent with the amended contentions we served January 30. We will not consent to Google's demand that Brazos "withdraw" our amended contentions—which demand is largely irrelevant, in any event: Brazos's infringement theories as detailed in both our proposed amended contentions and Dr. Cooperstock's forthcoming infringement report are fully consistent with the underlying theories disclosed in our May 31 infringement contentions, as updated to account for the particulars of confidential discovery made available by Google only in recent months.

Nonetheless, in light of Google's apparent disagreement about Brazos's contentions, Brazos was (and remains) willing to go through the relatively orderly process of a motion for leave to amend— which we thought the Court would appreciate more than the comparatively "under-the-gun" process of a motion to strike Dr. Cooperstock's forthcoming report. But that was premised on Google's willingness to engage in this process in good faith.

Google's newly disclosed position—mentioned neither in Ms. Stitt's January 31 email nor during the

parties' February 3 meet-and-confer—that the trial date should remain as originally ordered forces Brazos's hand. We will tender our expert reports as soon as possible, and we will file an opposed motion by the end of this week to modify the case schedule so as to complete expert discovery and dispositive motions while preserving the current June 23 trial date. As made clear in prior correspondence and reinforced in Brazos's motion for leave filed this past Friday, Brazos stands willing to allow Google a reasonable amount of time to supplement invalidity contentions in response—and to raise any other schedule-related concerns (e.g., supplemental claim construction, the necessity of which Brazos of course disputes) with the Court. It will effectively be Google's choice whether it prefers to engage with Brazos's infringement theories with additional time added before trial, or over the less-than-four months that presently remain.

Google's late-disclosed positional switch concerning the case schedule unfortunately finds Dr. Cooperstock on an out-of-office holiday through the remainder of this week. So from a practical perspective, the earliest Brazos can tender reports is next week TBD; we will update as promptly as possible. The interval between this email and next week does, however, leave the parties with one last opportunity to identify a more productive course of action than a flurry of motions that we doubt the Court would appreciate.

To that end, we reattach the proposed adjourned schedule—including an adjourned trial date—that Mr. Meyer sent to you last Friday. In the alternative, we also attach for your consideration a proposed modified case schedule that preserves the June 23 trial date. If Google wishes to meet and confer regarding either or both of these proposals, we can be generally available this week. (Though to reiterate, Brazos will proceed based on the infringement theories detailed in our amended contentions under either scheduling option.) If Google does not engage by close of business Wednesday/tomorrow, we will take that as Google's refusal to meet and confer consistent with WDTX LR CV-7(G).

Regards,
Joe

---

**From:** Garcia, Edwin O. <edwingarcia@jonesday.com>
**Sent:** Monday, February 24, 2025 3:38 PM
**To:** Ryan Meyer <ryan.meyer@foliolaw.com>; Stitt, Tracy A. <tastitt@jonesday.com>; Mayergoyz, Sasha <smayergoyz@jonesday.com>; Joseph Abraham <Joseph.abraham@foliolaw.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; WSOU Google WDTX <wsou-google-wdtx@foliolaw.com>; brazos-trial-wdtx@foliolaw.com
**Cc:** WSOU-Google <WSOU-Google@jonesday.com>; Potter Minton WSOU Team <wsougoogle@potterminton.com>
**Subject:** RE: WSOU v. Google | 6:20-CV-578 (WDTX) - Proposed Amended Scheduling Order

> [EXTERNAL] This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ryan:

We disagree with your contention that Google's position is inconsistent.

As you'll recall, WSOU served new infringement contentions just three days before expert reports were due to be served. We objected, and the parties agreed to hold expert reports while that issue was sorted.

As we have told you, we do not believe the new contentions are proper and they should be rejected and this case should proceed based on WSOU's previous "final" infringement contentions. One of the reasons the contentions should be rejected is because they will require new claim construction, new invalidity contentions, new fact discovery and new expert reports, but there is not sufficient time to get all that done properly before the scheduled trial date. That is why we have not proposed a new pretrial schedule preserving the June date.

Google is ready to try the properly scoped cases on their current schedule, which is why it has rejected WSOU's effort to "self-help" a trial extension by belatedly serving improper new contentions. Should, however, WSOU withdraw the latest "final" contentions and proceed on the last properly operative contentions, and do so quite soon, we would be happy to work with you on an adjusted schedule leading up to the June trial.

We'll plan to timely oppose WSOU's motion unless WSOU will withdraw the latest "final" contentions.

Regards,
Edwin

Edwin O. Garcia
Associate
**JONES DAY® - One Firm Worldwide®**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Office +1.202.879.3695
(Admitted in Texas; not admitted in District of Columbia; practice limited to cases in federal court and agencies)

---

**From:** Ryan Meyer <ryan.meyer@foliolaw.com>
**Sent:** Monday, February 24, 2025 12:45 PM
**To:** Garcia, Edwin O. <edwingarcia@jonesday.com>; Stitt, Tracy A. <tastitt@jonesday.com>; Mayergoyz, Sasha <smayergoyz@jonesday.com>; Joseph Abraham <Joseph.abraham@foliolaw.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; WSOU Google WDTX <wsou-google-wdtx@foliolaw.com>; brazos-trial-wdtx@foliolaw.com
**Cc:** WSOU-Google <WSOU-Google@jonesday.com>; Potter Minton WSOU Team <wsougoogle@potterminton.com>
**Subject:** RE: WSOU v. Google | 6:20-CV-578 (WDTX) - Proposed Amended Scheduling Order

Edwin,

Google's position is internally inconsistent.

On January 31, you unilaterally demanded "Google will treat all pending deadlines, including those for upcoming expert reports, as suspended." Brazos agreed with Google to toll pending deadlines for a period TBD during the parties' follow-up February 3 meet-and-confer.

But now you say that Google "will oppose a request to delay trial." Until Google is prepared to suggest an alternative schedule that allows for completion of expert discovery and dispositive motions between now and the existing June 23 trial date, we cannot interpret your email below as a good faith attempt to engage.

As always, we remain available to meet and confer.

Best regards,
Ryan

**From:** Garcia, Edwin O. <edwingarcia@jonesday.com>
**Sent:** Thursday, February 20, 2025 5:05 PM
**To:** Ryan Meyer <ryan.meyer@foliolaw.com>; Stitt, Tracy A. <tastitt@jonesday.com>; Mayergoyz, Sasha <smayergoyz@jonesday.com>; Joseph Abraham <Joseph.abraham@foliolaw.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; WSOU Google WDTX <wsou-google-wdtx@foliolaw.com>; brazos-trial-wdtx@foliolaw.com
**Cc:** WSOU-Google <WSOU-Google@jonesday.com>; Potter Minton WSOU Team <wsougoogle@potterminton.com>
**Subject:** RE: WSOU v. Google | 6:20-CV-578 (WDTX) - Proposed Amended Scheduling Order

> [EXTERNAL] This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ryan:

Google does not agree that delay of the scheduled trial is appropriate in view of the latest improper and belatedly served "final" infringement contentions from WSOU. ==Google will oppose WSOU's motion for leave to amend on all appropriate bases, once we have seen it, and will oppose a request to delay trial.==

Regards,
Edwin

Edwin O. Garcia
Associate
**JONES DAY® - One Firm Worldwide®**
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Office +1.202.879.3695
(Admitted in Texas; not admitted in District of Columbia; practice limited to cases in federal court and agencies)

**From:** Ryan Meyer <ryan.meyer@foliolaw.com>
**Sent:** Thursday, February 20, 2025 5:40 PM
**To:** Stitt, Tracy A. <tastitt@jonesday.com>; Mayergoyz, Sasha <smayergoyz@jonesday.com>; Garcia, Edwin O. <edwingarcia@jonesday.com>; Joseph Abraham <Joseph.abraham@foliolaw.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; WSOU Google WDTX <wsou-google-wdtx@foliolaw.com>; brazos-trial-wdtx@foliolaw.com
**Cc:** WSOU-Google <WSOU-Google@jonesday.com>; Potter Minton WSOU Team

<wsougoogle@potterminton.com>
**Subject:** WSOU v. Google | 6:20-CV-578 (WDTX) - Proposed Amended Scheduling Order

Counsel,

Please see the attached draft proposed amended scheduling order and let us know if you agree with these dates or have a different proposal. Brazos intends to file its motion for leave to amend its infringement contentions tomorrow (2/21).

Best regards,
Ryan



**Ryan B. Meyer**
Partner
(206) 414-9932

FOLIO LAW GROUP PLLC

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***